PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY S. BRUCE, | ) | |
| | ) | CASE NO. 1:20-CV-505 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

An Administrative Law Judge (ALJ) denied Plaintiff Jeffrey S. Bruce's application for disability insurance benefits (DIB) after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the case was automatically referred to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On December 29, 2020, Magistrate Judge Burke submitted her Report and Recommendation, ECF No. 15, recommending that the Court affirm the Commissioner's decision. Plaintiff filed an Objection to the Report and Recommendation, ECF No. 18, and the Commissioner responded, ECF No. 19.

For the reasons that follow, the Court adopts the Report and Recommendation, ECF No. 15, and affirms the decision of the Commissioner of Social Security.

(1:20-CV-505)

## I. Background

Magistrate Judge Burke's Report and Recommendation thoroughly narrates the procedural history, describes the medical evidence, and analyzes the merits of Plaintiff's appeal. It sets out the sequential five-step process by which the Commissioner determines whether a claimant is eligible for benefits.[1] ECF No. 15 at PageID #: 513-14 (citations omitted). It explains that the ALJ denied Plaintiff's claims because he found that Plaintiff could still participate in the national economy. Id. at PageID#: 515 (citing ECF No. 9 at PageID#: 75-76). The ALJ acknowledged Plaintiff's severe impairments[2] but concluded that, based on Plaintiff's "age, education, work experience, and residual functional capacity [(RFC)], there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," and Plaintiff was therefore not disabled. ECF No. 9 at PageID#: 75-77. Accordingly, the ALJ denied Plaintiff's benefits application. Id. at PageID#: 77.

---

[1] "1. If claimant is doing substantial gainful activity, he is not disabled. 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled. 3. If claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry. 4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled. 5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy." ECF No. 15 at PageID #: 513-14 (citations omitted).

[2] "Through the date last insured, [Plaintiff] had the following severe impairments: arthritis; and mild neural foraminal narrowing." ECF No. 9 at PageID#: 72 (citing 20 C.F.R. § 404.1520(c)).

(1:20-CV-505)

Appealing that decision, Plaintiff argued that the ALJ erred in finding (1) that Plaintiff's only severe impairments were arthritis and mild neural foraminal narrowing, ECF No. 11 at PageID #: 479; and (2) that the ALJ's RFC finding was not supported by substantial evidence, *id.* at PageID #: 483.  In response to Plaintiff's first argument, the Commissioner argued that the ALJ properly evaluated Plaintiff's impairments and at any rate, any error was harmless because the ALJ found that Plaintiff had at least one severe impairment.  ECF No. 14 at PageID #: 495. In response to Plaintiff's second argument, the Commissioner argued that the ALJ's RFC finding was supported by substantial evidence, and that Plaintiff had failed to point to evidence to support the additional limitations sought.  *Id.* at PageID #: 499.

Magistrate Judge Burke agreed with the Commissioner on both issues.  For the first argument, she echoed the Commissioner's point that none of the impairments raised by Plaintiff were improperly classified by the ALJ.  ECF No. 15 at PageID #: 517-18.  She also agreed that, in any event, the ALJ's finding that Plaintiff had at least one severe impairment rendered the categorization of any other impairments immaterial, because a finding of any one severe impairment allowed her to pass the threshold inquiry of "Step Two."  *Id.* at PageID #: 516.  On the second argument, Magistrate Judge Burke reviewed the evidence and concluded that the ALJ's decision was supported by substantial evidence.

Plaintiff filed a single objection, ECF No. 18, in which he repeated one of the arguments made in the first instance.  Plaintiff argues that "the ALJ's [RFC] determination for [Plaintiff's] manipulative limitations was not based upon substantial evidence," because "[t]he ALJ did not articulate why his RFC limits Plaintiff to 'frequent' rather than 'occasional' fingering, handling

3

(1:20-CV-505)

or pushing and pulling." ECF No. 18 at PageID #: 524, 526.  Plaintiff argues that the opinion

from Dr. Darr, supported by the opinions from Drs. Zanotti and Alberino, should have led to a

finding that Plaintiff was limited to "'occasional' fingering, handling, and feeling or pushing and

pulling." Id. at PageID #: 528.  In response, the Commissioner argues that "the ALJ reasonably

evaluated Plaintiff's manipulative limitations consistent with the opinion evidence of record,

including Dr. Darr's opinions." ECF No. 19 at PageID #: 531.  The Commissioner also points

out that, "as the Magistrate Judge explained, Dr. Darr put forth no specific opinion regarding

Plaintiff's manipulative limitations for the ALJ to evaluate, and the ALJ's RFC finding that

Plaintiff was limited to frequent handling and fingering was consistent with the most restrictive

opinion in the record from a reviewing medical consultant regarding Plaintiff's manipulative

limitations." Id. at PageID #: 531-32.

## II.  Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of the portions of the Report and Recommendation to which an

appropriate objection has been made. 28 U.S.C. § 636(b).  Objections must be specific, not

general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of*

*Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes

whether substantial evidence supports the Commissioner's decision.  The Court's review of the

Commissioner's decision is limited to determining whether substantial evidence, viewing the

record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews,*

574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23

4

(1:20-CV-505)

(6th Cir. 2003).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This standard "allows considerable latitude to administrative decision makers. . . .  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

(1:20-CV-505)

### III.  Analysis

Plaintiff's objection must be overruled because none of the evidence Plaintiff cites supports the additional manipulative limitation for which he advocates, and substantial evidence supports the ALJ's challenged finding.  Plaintiff draws the Court's attention to Dr. Darr's opinion that, *e.g.*, Plaintiff "is able to push and pull objects with difficulty.  He will also have difficulty manipulating objects.  [Plaintiff] will have difficulty operating hand and foot control devices."  ECF No. 18 at PageID #: 526 (quoting ECF No. 9 at PageID #: 390).  All of this testimony, however, is consistent with the limitation to frequent handling and fingering that the ALJ found.  As Magistrate Judge Burke noted, "Dr. Darr did not find [Plaintiff] to have any specific manipulative limitations.  Rather, Dr. Darr opined that [Plaintiff's] 'upper extremity functions for reaching, handling, fine and gross movements are intact.'"  ECF No. 15 at PageID #: 518 (quoting ECF No. 9 at PageID #: 390).

The same logic renders Plaintiff's other evidence similarly unpersuasive.  Plaintiff points to Dr. Zanotti's observation that Plaintiff "has a significantly arthritic joint at the 3rd CP joint. . . . If not improved, we can consider an injection trial, as well [as] a referral to the Hand Team for further treatment options, including knuckle replacement as indicated."  ECF No. 18 at PageID #: 527 (quoting ECF No. 9 at PageID #: 438).  Plaintiff also cites Dr. Alberino's observation that Plaintiff had "pain in both hands and both knees," *id.* (quoting ECF No. 9 at PageID #: 448), and argues that these evaluations "are consistent with Dr. Darr's report."  *Id.*  Plaintiff is correct that the opinions of Drs. Darr, Zanotti, and Alberino are consistent, but they also all consistently fail to support a manipulative limitation greater than that found by the ALJ.

6

(1:20-CV-505)

Plaintiff also briefly argues that "neither the ALJ nor [Magistrate Judge Burke] articulate with specific reasons why they ALJ's RFC . . . limits Plaintiff to 'frequent' rather than 'occasional' fingering, handling, and feeling or 'occasional' pushing and pulling." *Id.* at PageID #: 529. The ALJ did not specifically explain why he rejected a limitation to "occasional" because none of the evidence suggested that such a limitation should be found. Magistrate Judge Burke's Report provides ample, specific reasons for rejecting Plaintiff's argument. ECF No. 15 at PageID #: 518.

Similarly, elsewhere in his objection, Plaintiff notes that the ALJ "did not explain why he rejected the opinion of Dr. Darr." ECF No. 18 at PageID #: 528. Again, the ALJ did not specifically reject Dr. Darr's opinion regarding Plaintiff's manipulative limitations—nor was he required to—because Dr. Darr did not opine that a more restrictive manipulative limitation should be found. Dr. Darr's opinion was, most relevantly, that Plaintiff will have "difficulty manipulating objects." ECF No. 9 at PageID #: 390. If anything, Dr. Darr's opinion is *consistent* with the limitation the ALJ found, so, in fact, it would have been bizarre for the ALJ to explain why he rejected Dr. Darr's opinion.

Finally, as may be obvious from the above discussion, substantial evidence supports the ALJ's finding that Plaintiff is limited to frequent handling and fingering. Dr. Darr's opinion, itself, supports the finding. *Id.* And, as the Commissioner notes, "the ALJ's RFC finding that Plaintiff was limited to frequent handling and fingering was consistent with the most restrictive opinion in the record from a reviewing medical consultant regarding Plaintiff's manipulative limitations." ECF No. 19 at PageID #: 532. Dr. McKee, the first state agency reviewer, opined

7

(1:20-CV-505)

that Plaintiff was "[l]imited to frequent handling/fingering."  ECF No. 9 at PageID #: 134.  This

is the exact limitation that the ALJ adopted.  *Id.* at PageID #: 75.  Because the ALJ's

determination was supported by substantial evidence, Plaintiff's objection must be overruled.

### IV.  Conclusion

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is

hereby adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment

will be entered in favor of The Commissioner.


IT IS SO ORDERED.


    March 26 , 2021                              */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                United States District Judge